In the Matter of Samuel G. **FOSHEE**, Appellant.

No. 9434.

District of Columbia Court of Appeals.

Argued March 16, 1976.

Decided May 20, 1976.

Michael J. Walsh, Alexandria, Va., for appellant.

William C. Gardner, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant, a member of the Bar, was summarily found guilty of criminal contempt by a trial judge acting under Rule 42(a)[1] of the Superior Court Criminal Rules and was sentenced to a term of imprisonment for 10 days or a fine of $300. He seeks reversal or remand of his case to the Superior Court with instructions that the case be heard by another judge, pursuant to Super.Ct.Cr.R. 42(b).[2]

The facts developed on an order to show cause may be summarized as follows:

On March 6, 1975, appellant appeared in the Traffic Section of the Criminal Division as appointed counsel for a man arraigned on and pleading not guilty to charges of leaving the scene of an accident after colliding and driving without a permit. The court set bond at $1,000 and ordered trial on March 26, 1975. Unable to secure a bond for his client, appellant obtained the court jacket from the Clerk's office, saying that he was taking it to court. On the way, appellant went to the office of an Assistant Corporation Counsel, who

---

1. Super.Ct.Cr.R. 42:

   (a) *Summary Disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

2. Super.Ct.Cr.R. 42:

   (b) *Disposition Upon Notice and Hearing.* A criminal contempt except as provided in paragraph (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney, of the Corporation Counsel, or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to be released on conditions or detained as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

was eating lunch, and pursuaded him to reduce the charge to "colliding" in return for a guilty plea. Although shown on the face of the court jacket, appellant did not inform the Assistant Corporation Counsel that the case had already been called that morning, and that the court had signed a commitment order and set bail at $1,000.

Appellant then proceeded to the courtroom and presented to the same judge a message recommending acceptance of the plea to the lesser offense. As appellant recalled his client, the judge noted that this was the second time the case had been called that day, and then discovered the order of commitment previously included in the case file was missing.

The judge then set a hearing for 3:00 p. m. on an order requiring appellant and the Assistant Corporation Counsel to show cause why they should not be adjudged in contempt. Before the hearing, the latter returned to his office and found the missing commitment order on his desk and showed it to the court.[3]

Following the hearing, at which both respondents were interrogated, the judge absolved the Assistant Corporation Counsel of wrongdoing but adjudged appellant in contempt, issuing a written opinion entitled "Supplementary Findings."

Appellant, in addition to arguing that he should have been accorded a hearing before another judge under Super.Ct.Cr.R. 42 (b), raises several other procedural objections. He also contends that at worst the conduct for which he was specifically found contemptuous amounted only to negligence. We think this contention is well founded and consequently deem it unnecessary to discuss the procedural points raised.

■ In reviewing a similar proceeding recently, we stressed that intent is a necessary element of criminal contempt. *In re Nesbitt,* D.C.App., 313 A.2d 576, 578–79 (1973). While there are some intimations in the record that the court regarded the method by which appellant obtained the case file from the Clerk as deceitful, and his plea bargaining with the Assistant Corporation Counsel as deliberately lacking in candor, the court, in its findings, did not so characterize these actions. Instead, it directed its findings to the handling of the documents in the case jacket. The court properly noted that appellant's possession of the court jacket charged him with a special duty to maintain its continued integrity. It then found that appellant had failed "to exercise proper care and control" by his removal of the order of commitment or his "permitting [it] to be removed . . . while said court jacket was in his possession . . . ."

■ In other words, the court found the gravamen of the offense was appellant's failure to keep the file intact while it remained in his custody. It termed such treatment of the jacket as "an act of misconduct" in one finding, and "misbehavior" in another. Significantly, the court stopped short of finding that the missing order was intentionally removed so as to prevent the Corporation Counsel from learning about it, or to conceal its existence from any Traffic Section judge who might later pass upon the bargained plea—perhaps because the evidence would not have supported such a finding.

Under these circumstances, we are unable to sustain the conclusion that appellant's conduct with respect to the documents in the jacket constituted a willful attempt to obstruct the judicial process or that his carelessness revealed contumacy.

*Reversed.*

3. He testified that it appeared to him that the order had fallen from the case jacket accidentally.